IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RAUL TORRES-HERNANDEZ, on his )
own behalf and others similarly situated, )
et al., )
 )
    Plaintiff, )
 )
v. ) Case No.: 5:10-CV-00040-WTH-GRJ
 )
FLORIDA STATE PLASTERING, LLC, )
a Florida Limited Liability Company, )
 )
    Defendant. )
_____/

### DEFENDANT'S MOTION TO STAY DISCOVERY AS TO OPT-INS PENDING RESOLUTION OF MOTION TO CONDITIONALLY CERTIFY OR, IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM OF LAW

Defendant, Florida State Plastering, LLC ("Defendant" or "FSP"), respectfully submits this Motion to Stay Discovery as to Opt-Ins Pending Resolution of Motion to Conditionally Certify or, in the Alternative, Motion for Protective Order and Incorporated Memorandum of Law ("Motion to Stay") and states as follows:

### BACKGROUND

1.    On February 2, 2010, Plaintiff Raul Torres-Hernandez ("Plaintiff" or "Torres-Hernandez"), filed a Complaint for a collective action under the Fair Labor Standards Act ("FLSA") against FSP, alleging that he was denied overtime wages. (Doc. No. 1).

2.    Thereafter, several current and former FSP employees filed Consents to Join.[1]

---

[1] See Notice of Consent to Join (Doc. No. 2); Notice of Consent to Join (Doc. No. 12) (Enoe Rosales, Ernesto Anguiano, and Raul Salas); Notice of Consent to Join (Doc. No. 13) (Alfredo Romero, Miguel Ramiro, and Raymundo Ramires); Notice of Consent to Join (Doc. No. 14) (Geronimo Garcia, Octavio Garcia, Wanerges Romero, Jose Burgos, and Isidro Henriquez); Notice of Consent to Join (Doc. No. 15) (Uriel Avecilla, Carlos Mejia Hernandez, Carlos Cano, Ulises Mejia, and Oscar Urbina); Notice of Filing

3. On April 1, 2010, Plaintiff filed a Motion to Conditionally Certify Collective Action and Facilitate Notice to Potential Class Members and Incorporated Memorandum of Law ("Motion to Conditionally Certify") (Doc. No. 20).

4. On April 29, 2010, FSP filed its Memorandum of Law in Opposition to Plaintiff's Motion to Conditionally Certify ("Memo in Opposition") (Doc. No. 31). The Motion to Conditionally Certify remains pending.

5. On May 19, 2010, Plaintiff served separate sets of Interrogatories, Requests for Production of Documents ("RFPs"), and Requests for Admissions ("RFA") on behalf of each Opt-In who has filed Consent to Join in this lawsuit (collectively, "Opt-In Discovery"). In total, Plaintiff served twenty (20) sets of Interrogatories, twenty (20) sets of RFPs, and twenty (20) sets of RFAs from Opt-Ins on FSP. See Exhibits "A" - "T."

6. FSP respectfully moves for an Order staying all pending Opt-In Discovery in this matter as it relates to Opt-Ins who have, or may in the future, file consents to join the lawsuit pending resolution of Plaintiff's Motion to Conditionally Certify; alternatively, FSP moves for a rotective order as to all twenty sets of Opt-In Discovery.[2]

7. As set forth more fully in the Incorporated Memorandum of Law, the Middle District of Florida recently deemed this very discovery practice by the law firm of Morgan & Morgan improper and granted a stay of discovery concerning opt-ins in an FLSA proceeding pending resolution of a motion for condition certification. See Christopher Colson v. Cableview

---

Additional Notices of Consent to Join (Doc. No. 28) (Juan De La Cruz, Angel Serratos, Tomas Garcia, and Eduardo Garcia-Vasquez) (collectively, the "Opt-Ins").

[2] FSP does not seek to stay discovery or a protective order as to Plaintiff Torres-Hernandez's discovery requests (See Exhibit "U"), to which FSP intends to timely serve proper objections, answers, responses, and documents.

Communications of Jacksonville, Inc., Case No.: 3:09-cv-00850-MMH-JRK, at Doc. No. 75 (M.D. Fla. April 12, 2010) ("Cableview Order"). See Exhibit "V." In the Cableview Order, the court held that the discovery served by opt-ins (which is virtually identical to the twenty (20) sets of Opt-In Discovery served in this case[3]) prior to conditional certification was premature, irrelevant, and a "wasteful" endeavor for all parties. Id. Despite reminding counsel for Plaintiff of the Cableview Order entered against her law firm and requesting legal authority in support of this discovery practice, as further set forth below, Plaintiff served the Opt-in Discovery without any supporting case law.

8. Accordingly, for the same reasons set forth in the Cableview Order, FSP seeks an Order staying the Opt-In Discovery or, in the alternative, an Order protecting it from having to answer or otherwise respond to the Opt-In Discovery until such time as the Court may further order. Moreover, given Defendant's good faith attempt to prevent this discovery practice and dispute in line with the Cableview Order and Plaintiff's decision to proceed without any supporting legal authority, Defendant respectfully requests attorneys' fees for the preparation of this Motion.

## MEMORANDUM OF LAW

### I. Opt-In Discovery Should Be Stayed Pending Resolution of the Motion to Conditionally Certify.

The Middle District of Florida recently granted a motion to stay following the service of virtually identical discovery requests by opposing counsel on behalf of opt-ins during the pendency of a motion to conditionally certify. See Cableview Order, supra. As the Court is

---

[3] The law firm of Morgan & Morgan, who represented the plaintiff in Christopher served nearly identical discovery requests in that case. Compare discovery served in Christopher at Exhibit "W" with Exhibits "A" – "T."

3

aware, FLSA actions may be maintained "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Id. The United States Court of Appeals for the Eleventh Circuit has suggested that district courts use a two-tiered approach in determining the appropriateness of conditional class certification under §216(b). Mooney v. Aramco Serv. Co., 54 F.3d 1207 (5th Cir. 1995); Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1218-19 (11th Cir. 2001). The first tier represents the "notice stage," at which the court decides whether the class should be conditionally certified and notice given to potential class members. Id. at 1218. At the second stage, the court determines whether the members of the class are in fact similarly situated. Id. If so, the representative action proceeds to trial; if not, the class is decertified, the opt-ins are dismissed without prejudice and the original plaintiff proceeds to trial. Id.

With this framework in mind, FSP should not be required to respond to Plaintiff's Opt-In Discovery before any ruling on whether this matter will be conditionally certified as a collective action. This Court has the discretion to deny or stay discovery prior to conditional class certification. See Fed. R. Civ. P. 26(b)(2); Crawford v. Dothan City Bd. Of Educ., 214 F.R.D. 694 (M.D. Ala. 2003) (denying Plaintiff's Motion for Leave to Conduct Limited Discovery for Purposes of Conditional Class Certification); Landis v. North America Co., 299 U.S. 248, 254-55 (1936) ("the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); Lisa, S.A. v. Dionisio Gutierrez Mayorga, 232 F. Supp. 2d 1325, 1326 (S.D. Fla. 2002); Diaz v. Sheriff Ken Jenne, 2007 U.S. Dist. LEXIS 12571, * 1-2 (S.D. Fla. Feb. 23, 2007) ("a federal district court has broad discretion in granting or denying a stay and its decision will not be disturbed absent an abuse of discretion"). Fed. R. Civ. P. 26(b)(2)

authorizes the Court to control discovery if the burden or expense of the discovery outweighs its likely benefit and protect a party from undue burden and expense. In the Cableview Order, the court, in staying discovery, concluded that "[u]ntil the class is conditionally certified, however, discovery as to other class members is premature." Id. "If a class is not conditionally certified and therefore not permitted to proceed collectively, <u>then discovery with respect to members of the putative class would be irrelevant and wasteful</u>." Id. (emphasis added).

FSP requests such an Order to prevent the undue burden and potentially unnecessary expense of extensive discovery before this action has even been conditionally certified as a collective action. Moreover, permitting Opt-In Discovery would allow Plaintiff to bootstrap his request for conditional certification to discovery appropriate only after conditional certification and to proceed as if the decision to grant such certification has already been made in his favor. Plaintiff has chosen to file Consents to Join on the Opt-Ins' behalf under the collective action provision of § 216(b) rather than joining them as party plaintiffs under Fed. R. Civ. P. 20. As such, the Opt-Ins are not yet "Plaintiffs" in the same sense as they might be had Plaintiff requested, and had the Court granted, a motion for leave to add party plaintiffs under Rule 20, Fed. R. Civ. P. Consequently, the ability of the Opt-Ins to remain in the lawsuit will depend on whether the class is conditionally certified under § 216(b) – an issue which this Court has not yet decided.

In the present case, FSP has shown a sufficient basis that judicial economy and the interests of counsel and litigant resources are best served by staying Opt-In Discovery until resolution of the Motion to Conditionally Certify.

## II. In the Alternative, FSP Seeks a Protective Order from Opt-In Discovery.

In the alternative, FSP respectfully moves this Court for a protective order as to Plaintiff's Opt-In Discovery. Discovery related to classwide merits is premature at this stage and allowing such discovery to proceed before this Court has had an opportunity to determine whether certification is appropriate would expose FSP to the significant expenses and burdens associated with defending a collective action before this Court has even considered the legitimacy of Plaintiff's claims and class allegations. As such, FSP requests that this Court enter an appropriate protective order protecting it from Opt-In Discovery pending the resolution of Plaintiff's Motion to Conditionally Certify.

Fed. R. Civ. P. 26(c) provides that the Court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including "forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." The "decision to enter a protective order is within the court's discretion and does not depend on a legal privilege." Auto-Owners Insurance Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005) (citing Farnsworth v. Procter & Gamble Co., 758 F.2d 1545, 1548 (11th Cir. 1985)). The party seeking a protective order has the burden to demonstrate good cause, and must make "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements" supporting the need for a protective order. Id. (citing U.S. v. Garrett, 571 F.2d 1323, 1326 n. 3 (5th Cir. 1978)). As more fully set forth, FSP submits that it has shown good cause as to why this Court should issue an order protecting it from having to answer or otherwise respond to Plaintiff's voluminous and unnecessary Opt-In Discovery at this pre-conditional certification stage of the proceeding.

Accordingly, FSP respectfully requests the entry of a protective order concerning Opt-In Discovery pending resolution of Plaintiff's Motion to Conditionally Certify.

## LOCAL RULE 3.01(g) CONFERENCE

Pursuant to M.D. Fla. L.R. 3.01(g), the undersigned conferred with Plaintiff's counsel regarding Plaintiff's Opt-In Discovery prior to Plaintiff's decision to serve such discovery. In correspondence to counsel for Plaintiff, Defendant objected to the practice of serving discovery on behalf of Opt-Ins before any ruling on Plaintiff's Motion to Conditionally Certify and provided Plaintiff's counsel with the Cableview Order as binding authority holding this practice "wasteful." See Exhibit "X." Plaintiff's counsel responded, stating that she intended to serve the discovery anyway and relying on an Order entered in Joseph Alfonso v. Straight Line Installations, LLC, Case No.: 6:08-cv-01842-MSS-DA, at Doc. No. 49 (M.D. Fla. February 10, 2010) ("Joseph Order") in support of her position. See Exhibit "Y."

The Joseph Order provides no support to Plaintiff's position as it is factually and procedurally inapposite to the present dispute before this Court. First, the Joseph Order does not even pertain to a discovery dispute prior to any ruling on conditional certification. In Joseph, the plaintiff in an FLSA action filed consent to join notices of two putative opt-ins before he had filed a motion seeking to proceed as a collective action pursuant to §216(b). Id. In ruling on the plaintiff's Nunc Pro Tunc Motion to Amend to Add Party Plaintiffs (the putative opt-ins), the court reasoned that since the plaintiff had not filed a motion for conditional certification under §216(b), it considered plaintiff's motion as a prospective motion for leave to amend his complaint to add party plaintiffs. Id. Plaintiff in the present case nonetheless attempts to rely upon generic language from the Joseph Order, whereby the court stated in the context of permitting the plaintiff leave to amend and add opt-ins as plaintiffs: "[o]pt-in plaintiffs should

7

have the same status in relation to the claims of the lawsuit as do the named plaintiffs". Id. (citing Prickett v. DeKalb County, 349 F.3d 1294, 1297 (11th Cir. 2003)).

Prior to the court's issuance of the Cableview Order, the plaintiff submitted the Joseph Order as supplemental authority in attempting to oppose the stay of discovery concerning opt-ins. See Plaintiff's Notice of Filing Supplemental Legal Authority in Support of its Response in Opposition to Defendant's Motion to Stay Discovery and Its Motion to Compel Discovery attached as Exhibit "Z." Obviously, the court did not find this argument persuasive and instead relied upon the requirements of the conditional certification, judicial discretion and in the interest of avoiding the potential for wastefulness inherent in the defendant having to answer discovery requests for opt-ins who may be dismissed from the case.

On May 26, 2010, the undersigned once again requested that counsel for Plaintiff reconsider her position in light of her lack of legal authority, agree to a joint stay of Opt-In discovery in line with the legal authority in this District and requested a response by the close of business the following day. See Exhibit "AA." As of the filing of this Motion, counsel for Plaintiff has not responded. In light of Defendant's attempts to resolve this dispute, and Plaintiff's service of twenty sets of harassing Opt-in Discovery – without any legal support, yet well-aware of binding authority deemed by this Court to be "wasteful" – Defendant respectfully requests attorneys' fees as an appropriate sanction for pursuing a harassing and "scorched earth" discovery practice.

## **CONCLUSION AND PROPOSED RELIEF**

For all the foregoing reasons, Defendant respectfully requests that all pending discovery in this matter as it relates to Opt-Ins who have filed, and any future Opt-Ins who may file, consents to join the lawsuit be stayed pending resolution of Plaintiff's Motion to Conditionally

Certify. In the alternative, Defendant respectfully requests that it be issued an order protecting it from having to respond to the Opt-In Discovery until such further time as the Court may order. Finally, Defendant requests a sanction in the form of attorneys' fees in drafting this Motion be imposed on Plaintiff.

This 27th day of May, 2010.

By: */s/Benjamin D. Sharkey*
Richard N. Margulies/FBN 0607487
margulir@jacksonlewis.com
Benjamin D. Sharkey/FBN 0389160
sharkeyb@jacksonlewis.com
JACKSON LEWIS, LLP
245 Riverside Avenue, Suite 450
Jacksonville, Florida 32202
Telephone: (904) 638-2655
Facsimile: (904) 638-2656

Counsel for Defendant

## CERTIFICATE OF SERVICE

I hereby certify that I have this 27th day of May, 2010, electronically filed the aforementioned pleading with the Clerk of Court using the CM/ECF System which automatically sends email notification of such filings to Kelly Amrit, Esq., Morgan & Morgan, Counsel for Plaintiff, 7450 Griffin Road, Suite 230, Davie, FL 33314.

*/s/Benjamin D. Sharkey*
Benjamin D. Sharkey, Esq.