IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

| | | |
|---|---|---|
| RAUL TORRES-HERNANDEZ, on his own behalf and others similarly situated, et al., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No.: 5:10-CV-00040-WTH-GRJ |
| FLORIDA STATE PLASTERING, LLC, a Florida Limited Liability Company, | ) ) ) ) | |
| Defendant. | ) ) | |

## SUPPLEMENTAL DECLARATION OF RONALD BHAME

1. My name is Ronald Bhame.

2. I am over the age of twenty-one (21) and competent to give this Declaration, and I have personal knowledge of the matters contained herein as they related to the above-styled Lawsuit (the "Lawsuit").

3. I have been employed by Florida State Plastering, LLC ("FSP"), from August 2004 to January 20, 2010. Currently, I am the Branch Manager for Southeast Wall Systems, LLC.

4. On April 20, 2010, I met with FSP employees, Geronimo Garcia, Ramiro Miguel and Juan C. De La Cruz (who are now Opt-ins in this Lawsuit), to discuss De La Cruz's recently filed workers' compensation claim. Garcia and Miguel were FSP Foreman who oversaw De La Cruz's work and had no knowledge of his claimed injury. While discussing the workers' compensation claim, Garcia and Miguel brought up and expressed confusion to me as to whether they were a part of the Lawsuit. They indicated that they never signed up to sue FSP – just that the lawyer was going to get them money.

1

5. Garcia, Miguel and De La Cruz explained to me that they were contacted by Raul Torres-Hernandez to meet with a representative from Morgan & Morgan and "everyone" was going. During the meeting with Morgan & Morgan, a Morgan & Morgan representative asked whether they had ever had an injury at work and the lawyer said she would get them medical assistance. They were provided forms to sign. Garcia and Miguel stated to me that while they did sign a form, they did not understand or know what it was about. They also stated to me that they did not want to participate in this lawsuit for overtime wages. I responded that they should discuss that matter with their lawyer.

6. I have personal knowledge that Garcia and Miguel read and speak minimal, if any, English.

7. Morgan & Morgan has filed a total of three (3) worker's compensation claims against FSP and an additional two (2) are pending against FSP.

8. The workers' compensation claim filed by De La Cruz was due to an alleged injury after he hit his thumb with a hammer. The claim was filed many months after the alleged incident and De La Cruz never reported the injury to anyone, including Garcia and Miguel. During the meeting on April 20, 2010, I asked De La Cruz whether he ever reported the injury to which he said no. I also asked whether he needed medical attention due to the alleged injury. De La Cruz laughed and said "no." However, Morgan & Morgan filed a workers' compensation claim for De La Cruz.

9. I have reviewed FSP's payroll records for the three (3) years proceeding February 2, 2010. There is no record of Raymundo Ramires, who is an Opt-in, being employed by or otherwise performing services for FSP during that period of time.

\* \* \*

I declare pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the foregoing is true and correct and based upon my personal knowledge.

**FURTHER DECLARANT SAYETH NOT.**

This 18th day of June, 2010

_____
Ronald Bhame

4824-2220-1606, v. 1