UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RAUL TORRES-HERNANDEZ, JOSE BURGOS, CARLOS CANO, JUAN DE LA CRUZ, GERONIMO GARCIA, THOMAS GARCIA, EDUARDO VASQUEZ-GARCIA, CARLOS MEJIA, ULISES MEJIA, MIGUEL RAMIRO, RAYMUNDO RAMIRES, ALFREDO ROMERO, RAUL SALAS, ANGEL SERRATOS, RICARDO BURGOS, AND OSCAR URBINA,

      Plaintiff,

-vs-              Case No. 5:10-cv-40-Oc-10GRJ

FLORIDA STATE PLASTERING, LLC, A FLORIDA LIMITED LIABILITY COMPANY,

      Defendant.
_____/

**O R D E R**

This is an action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, ("FLSA"), to recover unpaid overtime compensation allegedly owed to the Plaintiffs by Defendant Florida State Plastering, LLC ("FSP"). The case is presently before the Court on FSP's Motion for Misjoinder and Dismissal of All Plaintiffs Other Than Raul Torres-Hernandez (Doc. 44). The Plaintiffs have filed a response in opposition (Doc. 47). Upon due consideration, the motion is due to be granted.

On July 1, 2010, the United States Magistrate Judge issued a Report (Doc. 39) recommending that the Plaintiffs' motion to conditionally certify a collective action and facilitate notice be denied. In particular, the Magistrate Judge found that numerous factual differences existed amongst the putative class members, and that the legal theories for determining violations of the FLSA and/or any defenses to such violations, also varied greatly.

The Magistrate Judge further recommended granting the Plaintiff's request to file an amended complaint to include as parties, instead of as opt-in plaintiffs, the individuals who had previously filed notices of consent to join suit. The Magistrate Judge noted, however, that the request to amend should be granted "without prejudice to the right of Defendant to respond as necessary to any amended complaint." (Doc. 39, p. 14). Neither side filed any objections, and on July 19, 2010, the Court adopted the Report and Recommendation and denied the motion to certify (Doc. 40).

In that same Order, the Court granted the Plaintiffs' request to file an amended complaint, which the Plaintiffs filed on July 21, 2010 (Doc. 41). While the original complaint was brought by Plaintiff Raul Torres-Hernandez on behalf of himself and all others similarly situated, the Amended Complaint lists Mr. Torres-Hernandez and fifteen (15) other named Plaintiffs who had previously filed notices of consent to join suit (and who were the subject of the prior motion for conditional certification). The Amended Complaint is virtually identical to the original complaint, asserting one claim for violation of the FLSA's overtime compensation provisions. The Amended Complaint

alleges that "[a]t various times from at least 1995 and continuing through February 2010, Defendant hired Plaintiffs to work as construction employees," and that the Defendant failed to compensate the Plaintiffs for all hours worked in excess of 40 per work week. (Doc. 41, ¶¶ 15, 17).

FSB now seeks to have all named plaintiffs other than Raul Torres-Hernandez dismissed from this action as improperly joined. Specifically, FSB contends that none of these plaintiffs are similarly situated, they do not share common questions of law or fact, and if their joinder is permitted, the effect will be to subvert this Court's ruling denying certification of a collective action.

Rule 20(a) of the Federal Rules of Civil Procedure allows permissive joinder of plaintiffs if they assert "any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences;" and if "any question of law or fact common to all plaintiffs will arise in the same action." The Court is authorized under Fed. R. Civ. P. 21 to dismiss any misjoined party or claim at any stage of the lawsuit.

The Eleventh Circuit has held that the "similarly situated" standard applied to motions for conditional certification of an FLSA collective action is "less stringent" than the standards for permissive joinder under Rule 20(a), and for separate trials under Fed. R. Civ. P. 42(b). Grayson v. Kmart Corp., 79 F.3d 1086, 1098 (11th Cir. 1996). Here, the Magistrate Judge and this Court have held that the Plaintiffs could not satisfy the "less stringent" conditional certification standard (Docs. 39-40). If the Plaintiffs

could not satisfy the "less stringent" standard, then clearly they cannot satisfy the "same transaction, occurrence, or series of transactions or occurrences" standard necessary for permissive joinder under Rule 20. As this Court previously held, there are numerous differences in the factual and legal theories for each of the currently named plaintiffs, and it is not clear at all that their claims for overtime compensation arise out of the same transaction or occurrence.[1]

Accordingly, upon due consideration, the Defendant's Motion for Misjoinder and Dismissal of All Plaintiffs Other Than Raul Torres-Hernandez (Doc. 44) is GRANTED. All Plaintiffs other than Raul Torres-Hernandez are hereby DISMISSED WITHOUT PREJUDICE from this action. This case shall proceed on the claims of Plaintiff Raul Torres-Hernandez only. Nothing in this order should be construed as precluding any of the named Plaintiffs from filing his own, individual action against the Defendant, nor should anything in this Order be construed as precluding subsequent consolidation, in whole or in part, of such individual actions if any are filed.

The Court declines the invitation to adjudicate the question of tolling of the statute of limitations for the now-dismissed Plaintiffs. The question of whether the statute of limitations applies as a bar to a claim is a waiveable affirmative defense to be raised in the event a new cause of action is filed by any or all of the now-dismissed

---

[1] For example, the job titles for each plaintiff differ, their methods of compensation differ, their states of residence differ, and any potential defenses by FSB differ.

Plaintiffs.² Any discussion of the statute of limitations or tolling in this case would be akin to an advisory opinion.

    IT IS SO ORDERED.

    DONE and ORDERED at Ocala, Florida this 26th day of January, 2011.

*[signature]*

UNITED STATES DISTRICT JUDGE

Copies to:   Counsel of Record
             Maurya McSheehy

---

²Moreover, the Court notes that under the law of this Circuit, an FLSA cause of action for unpaid overtime is deemed commenced upon the filing of the complaint if the plaintiff is a named party to the complaint; and if the plaintiff is not named in the complaint, the action is deemed commenced upon the filing of a written consent to join the action. Grayson, 79 F.3d at 1106; 29 U.S.C. § 256. Given that the now-dismissed plaintiffs in this case both filed consents to join and were added as named plaintiffs, it is not clear (and it is not for the Court to decide at this time) the date that the action commenced (and in turn the date upon which the statute of limitations would begin tolling).